IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY JOHN ROBERSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1571-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Billy John Roberson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was convicted of aggravated assault with a deadly weapon and sentenced to six years confinement. His conviction and sentence were affirmed on direct appeal. *Roberson v. State*, No. 05-05-00629-CR, 2006 WL 147397 (Tex. App.--Dallas, Jan. 20, 2006). Shortly after rehearing was denied, petitioner filed a federal civil rights action seeking $55 million in damages and immediate release from custody. The court dismissed petitioner's damage claim with prejudice, construed the remainder of his complaint as an application for writ of habeas corpus, and dismissed those claims without prejudice for failure to exhaust state remedies. *Roberson v. State of Texas*, No. 3-05-CV-1490-P (N.D. Tex. Mar. 7, 2006). In its order, the court explained to petitioner that he

must first present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or a post-conviction habeas petition before seeking federal habeas relief. *Id.* at 3.

Upon receipt of this order, petitioner filed a PDR. However, the petition was denied as untimely. *Roberson v. State*, No. 0454-06 (Tex. Crim. App. Apr. 12, 2006). Instead of filing a state writ of habeas corpus, petitioner returned to federal court. Like his earlier case, petitioner's second attempt to challenge his state conviction was dismissed for failure to exhaust state remedies. *Roberson v. State of Texas*, No. 3-06-CV-0739-R (N.D. Tex. May 9, 2006). Petitioner eventually filed a state writ of habeas corpus on May 24, 2006. That case remains pending in the trial court. Believing he now has satisfied the exhaustion requirement, petitioner filed the instant action on August 29, 2006.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner still has not presented his claims to the Texas Court of Criminal Appeals in an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. Although petitioner filed a state writ in the trial court, the district clerk has not yet forwarded the writ

to the Texas Court of Criminal Appeals.[1] Unless and until the appeals court considers and rules on petitioner' claims, any federal challenge to his state conviction must be dismissed as premature.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner mistakenly believes that his state writ was denied on July 20, 2006. (*See* Interrog. #1(f)). However, that is the date the mandate affirming his conviction was issued by the Texas court of appeals. The Texas Court of Criminal Appeals website and court personnel confirm that petitioner's state writ has not yet been forwarded to that court. *See http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=242075* (accessed Sept. 15, 2006).